UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAP-PING CHEN,<br><br>   Plaintiff,<br><br>   v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>   Defendant. | Case No. 21-cv-03531-DMR<br><br>**ORDER DENYING DEFENDANT'S RULE 60(B)(6) MOTION FOR RELIEF**<br><br>Re: Dkt. No. 59 |

The court denies Defendant's Federal Rule of Civil Procedure 60(b)(6) motion for relief. Defendant failed to comply with Northern District of California Civil Local Rule 7-9(a), which requires that any party moving for reconsideration of an interlocutory order must first obtain leave of court to file the motion. Nor does Defendant's motion address any of the pertinent factors, including "that a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," the "emergence of new material facts or a change of law," or a "manifest failure by the court to consider material facts or dispositive legal arguments." Civ. L.R. 7-9(b). Whether to grant leave to file a motion for reconsideration under Rule 7-9 is committed to the court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.—USA*, 570 F. App'x 675, 676 (9th Cir. 2014) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)). There is no reason why Defendant could not have articulated any concerns about a production schedule or trade secrets when the parties first raised this dispute months ago.

Furthermore, Defendant has not established that this discovery dispute amounts to an "extraordinary circumstance" that warrants reconsideration under Rule 60(b)(6). *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where

extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. . . . Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion" (citations omitted).).

On a practical note, the discovery needs to be completed. The parties are ordered to immediately meet and confer to reach reasonable solutions regarding a rolling production of the FASTA data of the subject vehicle, as well as Defendant's stated concerns about trade secrets. The court notes that many cases filed in this district deal with sensitive commercial information. The vast majority of parties are able to work out a reasonable approach that includes redaction of truly non-relevant protected information and production of the relevant information subject to a protective order. There is no reason why the parties cannot come up with a similar, mutually agreeable solution here. If there are any remaining disputes, the parties shall file a joint discovery letter by February 28, 2022. Given the disproportionate amount of time the court has had to expend on what should have been a straightforward discovery issue, the court will sanction any party that takes an unreasonable position and also may require party representatives to appear at a discovery hearing along with counsel. This should not be viewed as an invitation to seek sanctions; the court will determine whether sanctions are appropriate.

**IT IS SO ORDERED.**

Dated: February 22, 2022



Judge Donna M. Ryu
United States Magistrate Judge